# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EARNEST SHIELDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10 CV 3746** |
| | ) | |
| **ILLINOIS DEPT, OF CORRECTIONS, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

## <u>PLAINTIFF'S RESPONSE TO DEFENDANTS WEXFORD HEALTH SOURCES, INC., DR. RICHARD SHUTE, AND DR. ROBERT MIGLIORINO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

**NOW COMES** the Plaintiff, EARNEST SHIELDS, by and through his attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD., and in response to Defendants Wexford Health Sources, Inc., Dr. Richard Shute, and Dr. Robert Migliorino's Motion to Dismiss Plaintiff's Complaint, states as follows:

The allegations being brought against Wexford Health Sources, Inc., Richard Shute, M.D. and Robert Migliorino, M.D., Plaintiff meet the requirement for pleadings in this U.S. District Court. Specifically, Plaintiff alleges under Count I that "Defendants," which includes Wexford Health Sources, Inc., Richard Shute, and Robert Migliorino, M.D., were guilty of the following acts or omissions:

   a.    deliberately ignored the seriousness of Plaintiff's injury and specifically the medical diagnosis and proper course of treatment indicated by Gregory A. Scherer, M.D.;

   b.    failed to ensure that there was follow up with the prescribed treatment;

   c.    failed to provide competent and professional medical treatment;

d.  placed Plaintiff on a medical hold and refused to seek further treatment for
Plaintiff's injuries;

e.  failed to provide Plaintiff with a referral to a physician who was capable of
performing the surgical intervention needed for his injury; and

f.  denied Plaintiff access to a physician when there was a clear need to see a
physician.

The changing paragraphs contain allegations sufficient to satisfy the deliberate indifference standard necessary for an Eighth Amendment Claim. As Defendants Wexford, Shute and Migliorino assert in their motion, the medical need must be serious and the doctor must have a state of mind that is deliberately indifferent to the inmates health or safety. Defendants Wexford, Shute and Migliorino's Motion to Dismiss at 3, citing Farmers v. Brennan, 511 U.S. 825, 834 (1994). A prison official may be found to be deliberately indifferent when:

(1) reasonable requests for medical treatment are denied and the denial
exposes the inmate to undue suffering;

(2) an official intentionally refuses to provide needed medical care;
and

(3) necessary medical treatment is delayed for non-medical reasons.

Scantling, 2004 WL 306126 at 7

In their Motion, however, Defendants Wexford, Shute and Migliorino do not address the factual allegations being made against them and consequently, on that basis alone, cannot sustain their burden in the FRCP 12(b)(6) Motion. Plaintiff asserts that Defendants Wexford, Shute and Migliorino "deliberately ignored the seriousness of Plaintiff's injury" and the course of treatment indicated by Dr. Gregory A. Scherer. Complaint at 4, ¶ a. There is no dispute that Plaintiff's injury was serious. The specific treatment recommended by Dr. Scherer was that "Plaintiff had suffered

2

a pectoralis tendon rupture of the left chest and shoulder and that Plaintiff's injury required a shoulder specialist and surgical repair." Complaint at 4, ¶ 20. Consequently, it is alleged in the Complaint that Defendants both knew of Plaintiff's serious injury and deliberately ignored his need for surgery. The charging paragraphs contains additional allegations reflecting the indifference of Defendants Wexford, Shute and Migliorino. For example, in subparagraph 23(b), Plaintiff alleges Defendants failed to ensure there was follow up with the prescribed treatment and even more egregious, as alleged in subparagraph 23(d), Defendants placed Plaintiff on a "medical hold", deliberately refusing to send Plaintiff for much needed surgery per the instructions of Dr. Scherer. In subparagraph 23(f), Plaintiff expresses the deliberate actions of Defendants in "den[ying] Plaintiff access to a physician when there was a clear need" to see one. Complaint at 5, ¶ 23f.

Therefore, Plaintiff has set forth sufficient factual allegations against Wexford, Shute and Migliorino to maintain his Complaint, as drafted, This Court should, therefore, deny Defendant Wexford, Shute and Migliorino's Motion to Dismiss. In the event the Court is so inclined to grand Defendants' Motion, Plaintiff respectfully requests twenty-eight (28) days to file an amended Complaint.

**WHEREFORE,** Defendant, EARNEST SHIELDS, prays this Honorable Court enter an Order denying Defendants Wexford Health Sources, Inc., Dr. Richard Shute, and Dr. Robert Migliorino's Motion to Dismiss Plaintiff's Complaint, and for any additional relief for Plaintiff this Court deems just.

Respectfully Submitted,

EARNEST SHIELDS

By:/s/James A. Karamanis

James A. Karamanis

ZANE D. SMITH & ASSOCIATES, LTD.
415 N. LaSalle Street - Suite 300
Chicago, IL 60654
(312) 245-0031
(312) 245-0022 - Fax

## CERTIFICATE OF SERVICE

      I, James A. Karamanis, on oath state that a true and correct copy of the Notice of Filing was electronically filed with the Clerk of the Court of September 9, 2010, using the CM/ECF system which will send notification of such filing(s) to all attorneys of record. Under the penalties of perjury, I certify that the above statements set forth herein are true and correct.

/s/James A. Karamanis
James A. Karamanis