**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EARNEST SHIELDS,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 3746 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **ILLINOIS DEPARTMENT OF CORRECTIONS, GERARDO ACEVEDO, MARCUS HARDY, WEXFORD HEALTH SOURCES, INC., RICHARD SHUTE, ROBERT MIGLIORINO, RONALD SCHAEFER, SOUTHERN ILLINOIS UNIVERSITY SCHOOL OF MEDICINE, DAVID J. OLYSAV, JOHN FROELICH and ARTHUR FUNK,** | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued the Illinois Department of Corrections ("IDOC"), Wexford Health Sources, Inc., Southern Illinois University School of Medicine ("SIU") and eight of their employees pursuant to 42 U.S.C. § 1983 for their alleged violations of his Eighth Amendment rights. IDOC has filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the Central District of Illinois. For the following reasons, the Court denies the motion.

**Facts**

On June 16, 2008, plaintiff injured himself while lifting weights at IDOC's Hill Correctional Center. (Am. Compl. ¶¶ 19-20.) On June 23, 2008, Dr. Gregory A. Scherer told defendant Shute that plaintiff had a pectoralis tendon rupture that needed to be surgically repaired. (*Id.* ¶ 21.)

Defendants Olysav and Froelich, employees of SIU did not provide that or any other appropriate treatment for plaintiff. (*Id.* ¶¶ 24, 31, 38, 45.) In January 2009, plaintiff was transferred from Hill to IDOC's Stateville facility. (*See* Pl.'s Resp. Mot. Transfer Venue 3.) On July 31, 2009, he was examined by Drs. Goldberg and Ozoude, who concluded that "[plaintiff's] injury was too far out" to be surgically repaired. (Am. Compl. ¶ 22; *id.*, Ex. B, McFarland Aff.) As a result, the once reparable injury to plaintiff's tendon is now permanent. (Am. Compl. ¶¶ 25, 32, 39, 46.)

## Discussion

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which permits the Court to transfer a case, "[f]or the convenience of parties and witnesses, [and] in the interest of justice," to any other district where the case could have been filed. A transfer is appropriate only if "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). The moving party has the burden of showing that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). There is no dispute that venue is proper in both districts. Thus, the Court will consider only whether IDOC has shown that the Central District is clearly the more convenient forum.

**Private Interest Factors**

In determining whether a transfer should be granted, the Court considers a number of private interests that include: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative

ease of access to sources of proof; and (4) the convenience of the parties and witnesses. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Plaintiff's choice of forum is given substantial weight, unless it has little connection to the suit. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). Such is the case here. The events giving rise to this suit are plaintiff's injury, which occurred at Hill, and the treatment he received by SIU doctors Froelich and Olysav. (*See generally* Am. Compl; *id.*, Ex. B, Aff. McFarland (opining that plaintiff "was treated below the standard of care" by Froelich and Olysav).) Hill is in Galesburg in Knox County and SIU is in Springfield in Sangamon County, both of which are in the Central District of Illinois. (*See* SIU Summons); http://www.idoc.state.il.us/ (follow "Facilities" hyperlink; then select "Hill"); http://www.naco.org/Pages/default (follow "Find a County" hyperlink; then search "Illinois" and search "Sangamon"; then follow "Places in Sangamon County" hyperlink); *id.* (follow "Find a County" hyperlink; then search "Illinois" and search "Knox"; then follow "Places in Knox County" hyperlink); http://www.usmarshals.gov/district/navigation/il.htm (follow "Find in Your Area" hyperlink; then search "Illinois" (showing that Knox and Sangamon Counties are in the Central District)). Because plaintiff's choice of forum is not connected to the events underlying this suit, it is given little weight.

The access to proof factor has no impact on the analysis. Because the parties do not claim that any evidence needed for trial is difficult or impossible to transport, this factor is neutral. *Kammin v. Smartpros, Ltd.*, No. 07 C 2665, 2007 WL 3046128, at *2 (N.D. Ill. Oct. 9, 2007).

The convenience of non-party witnesses, which is ordinarily given substantial weight, plays little role here. *Id.* Defendants argue that any such witnesses are likely to be Hill inmates or employees of SIU or Hill, and thus, located in the Central District. Given the facts plaintiff alleges,

that is likely true. But neither IDOC nor plaintiff specifically identifies any non-party that they intend to call at trial. Accordingly, this factor is neutral.

Given the lack of non-party witnesses, the parties' convenience assumes great prominence in the analysis. Presumably, plaintiff lives in this district, though he alleges only that he lives in the state. (Am. Compl. ¶ 1.) IDOC, SIU, Olysav and Froelich are in Springfield in Sangamon County, Migliorino and Acevedo are in Galesburg in Knox County, and Shute is in Morton in Tazewell County. (*See* IDOC's Mem. Supp. Mot. Transfer Venue, Ex. B, Huntley Aff. ¶¶ 2-3, 5; Shute Summons; Migliorino Summons; Froelich Summons); https://www.idfpr.com/DPR/licenselookup/default.asp (search "Physician" Olysav, D.); http://www.naco.org/Pages/default (follow "Find a County" hyperlink; then search "Illinois" and "Sangamon"; then follow "Places in Sangamon County" hyperlink); *id.* (follow "Find a County" hyperlink; then search "Illinois" and "Knox"; then follow "Places in Knox County" hyperlink); *id.* (follow "Find a County" hyperlink; then search "Illinois" and "Tazewell"; then follow "Places in Tazewell County" hyperlink). All three counties are in the Central District. *See* http://www.usmarshals.gov/district/navigation/il.htm (follow "Find in Your Area" hyperlink; then search "Illinois" (showing that Knox, Sangamon and Tazewell Counties are in the Central District)). Wexford is a Pennsylvania corporation with its principal place of business in Pennsylvania. *See* https://www.corporations.state.pa.us/corp/soskb/csearch.asp (search "Wexford Health Sources"). Schaefer is in Sandwich in Dekalb County, Hardy is in Cresthill in Will County and Funk is in Chicago in Cook County, all of which are in the Northern District. (*See* Hardy Summons; Funk Summons; Schaefer Summons); http://www.naco.org/Pages/default (follow "Find a County" hyperlink; then search "Illinois" and "DeKalb"; then follow "Places in DeKalb County" hyperlink);

4

*id.* (follow "Find a County" hyperlink; then search "Illinois" and "Will"; then follow "Places in Will County" hyperlink); *id.* (follow "Find a County" hyperlink; then search "Illinois" and "Cook"; then follow "Places in Cook County" hyperlink); http://www.usmarshals.gov/district/navigation/il.htm (follow "Find in Your Area" hyperlink; then search "Illinois" (showing that DeKalb, Will and Cook Counties are in the Northern District)). Thus, the only parties in this district are plaintiff, Hardy, Schaefer and Funk.

Clearly, plaintiff is a necessary witness. But he does not explain either in his allegations or his response brief what knowledge Hardy, Schaefer and Funk have about this case. The IDOC website says that Hardy is the warden of Stateville. *See* http://www.idoc.state.il.us/ (follow "Facilities" hyperlink; then select "Stateville"). However, plaintiff does not allege that Hardy directed or participated in any of the medical decisions he challenges or that Hardy was even aware that plaintiff was injured. Plaintiff also does not allege whether Schaefer and Funk knew about plaintiff's injury or the recommendation that he have surgery, whether or when they examined plaintiff or what treatment, if any, they recommended or provided.[1] Moreover, the doctor who opines that plaintiff was the victim of malpractice does not attribute plaintiff's injury to, or even mention, Funk or Schaefer. Rather, he says that plaintiff "was treated below the standard of care by the practitioners Dr John M [sic] Froelich and Dr David J [sic] Olysav." (Am. Compl., Ex. B, McFarland Aff.) Because there is no indication that Hardy, Funk or Schaefer has any material information about this case, their presence in this district does not affect the transfer analysis.

---

[1] Plaintiff also does not allege where he encountered these defendants, though their Cook County addresses suggest it was in Stateville.

**Public Interest Factors**

"Public interest factors relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, No. 07 C 4023, 2007 WL 3120011, at *2 (N.D. Ill. Oct. 24, 2007) (quotation omitted). "The administration of justice is generally served more efficiently when the action is litigated in the forum that is closer to the action." *Id.* at *4 (quotation omitted).

This case is likely to be resolved somewhat faster if it is litigated in this district rather than the Central District. *See* FEDERAL COURT MANAGEMENT STATISTICS (2009), *available at* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl (showing that cases filed in the Northern District are resolved short of trial in about 6 months and by trial in about 28 months while those filed in the Central District take about 10 months and 31 months, respectively, to reach those resolutions ). But federal courts try to have cases resolved in the district where they arise, *Doage v. Board of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997), and judges in both districts are well-versed in the law governing plaintiff's constitutional tort claim. Because there is only a slight difference in the districts' case resolution periods and no difference in their familiarity with the law, the interest of justice that is served when a case is litigated where it arises tips the balance of the public interest factors in favor of transfer. *Lancelot*, 2007 WL 3120011, at *4.

In sum, the relevant interests that militate against transfer are that plaintiff chose this forum and lives here and the case will progress sightly faster if it stays here. The factors that favor transfer are that the material events underlying the suit occurred in the Central District, every witness but plaintiff resides there and the Central District has an interest in resolving controversies that arise in

its jurisdiction. Because the balance is fairly even, IDOC has not satisfied its burden of proving that the Central District is clearly a more convenient forum for this suit.

## Conclusion

For the reasons set forth above, the Court denies IDOC's motion to transfer [doc. no. 15].

**SO ORDERED.**            **ENTERED:**

**January 6, 2011**

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**