# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 3746 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, GERARDO ACEVEDO, MARCUS HARDY, WEXFORD HEALTH SOURCES, INC., RICHARD SHUTE, ROBERT MIGLIORINO, RONALD SCHAEFER, SOUTHERN ILLINOIS UNIVERSITY SCHOOL OF MEDICINE, DAVID J. OLYSAV, JOHN FROELICH and ARTHUR FUNK, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In his amended complaint, plaintiff asserts 42 U.S.C. § 1983 claims for violation of his Eighth Amendment rights and state law claims against, among others, Southern Illinois University School of Medicine ("SIU"), Wexford Health Sources, Inc., Dr. David J. Olysav, Dr. John M. Froelich, Dr. Richard Shute, Dr. Ronald Schaefer, Dr. Arthur Funk and Dr. Robert Migliorino. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motions to dismiss. For the reasons set forth below, the Court denies the motions.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere*

*& Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

All defendants contend that plaintiff's Eighth Amendment claims are inadequately pleaded. Failing to provide medical treatment to an inmate violates the Eighth Amendment only if it constitutes deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (per curiam) (quotations omitted). A defendant acted with deliberate indifference if "[he] was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Id*.

Plaintiff alleges that: (1) on June 23, 2008, a non-party doctor diagnosed him as having a pectoralis tendon rupture of the left chest and shoulder that required surgery; (2) he told defendants about his medical condition but they refused to give him any treatment; (3) he was examined by a non-party doctor on July 31, 2009, who told plaintiff that it was too late to repair the tendon surgically; and (4) he was permanently injured as a result. (Am. Compl. ¶¶ 21-22, 24-25.) These allegations are sufficient to state Eighth Amendment claims against defendants.

Defendants SIU, Olysav and Froelich argue that the medical malpractice claims in the amended complaint are not sufficiently related to the Eighth Amendment claims to support the exercise of supplemental jurisdiction over them. The Court disagrees. The exercise of supplemental jurisdiction is appropriate when the state law claims are "so related" to the federal claims that "they

2

form part of the same case or controversy." 28 U.S.C. § 1367(a). These claims, which arise from a single set of operative facts, satisfy that test. *See Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007) (reversing the dismissal of an Eighth Amendment claim and reinstating the state law medical negligence claim over which the lower court had declined to exercise supplemental jurisdiction because the latter "relate[d] to the same set of operative facts" as the former).

Even if supplemental jurisdiction can be exercised, defendants urge the Court not to do so, arguing that the state claims predominate. *See* 28 U.S.C. § 1367(c)(2) (stating that a court may decline to exercise supplemental jurisdiction if the state claim "substantially predominates over the claim or claims over which the district court has original jurisdiction."). Again, the Court disagrees. Though the standards of proof for the state and federal claims differ, the claims all arise from the same events and it is likely that much of the evidence that will be offered to prove and rebut them will be the same. Given the circumstances, the Court finds it appropriate to exercise supplemental jurisdiction over the state law claims. *See Gilbert v. Robb*, No. 95 C 1937, 1997 WL 156569, at *3-5 (N.D. Ill. Mar. 31, 1997) (exercising supplemental jurisdiction over state tort claims filed with federal discrimination claim because all of the claims arose from plaintiff's termination and "the court [was] convinced that there [would] be substantial evidentiary overlap between [them]"); *Palivos v. City of Chi.*, 901 F. Supp. 271, 273 (N.D. Ill. 1995) (declining to exercise supplemental jurisdiction because plaintiff's state claim, that he was legally entitled to a building permit, had to be resolved in his favor before his due process claim could be addressed).

Froelich also argues that the claims should be dismissed because they are time-barred. However, untimeliness is an affirmative defense that can be the basis for a Ru1e 12(b)(6) dismissal only if plaintiff alleges "all the ingredients of an impenetrable defense." *Xechem, Inc. v.*

*Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Because plaintiff has not done so, untimeliness is not a basis for dismissal.

Olysav asks, in the alternative, for the Court to transfer this suit to the Central District of Illinois. The Court denies this request for the reasons set forth in its January 6, 2011 order denying Southern Illinois University's motion to transfer.

### Conclusion

For the reasons set forth above, the Court denies defendants' motions to dismiss the amended complaint [doc. nos. 71, 83 & 86].

**SO ORDERED.**                                   **ENTERED:**

**February 7, 2011**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

4