Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3746 | **DATE** | 12/21/2012 |
| **CASE TITLE** | Earnest Shields vs. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies plaintiff's motion for relief from Memorandum Opinion and Order dated June 26, 2012 [230].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff has filed a Federal Rule of Civil Procedure 60 motion to amend the Court's Memorandum Opinion and Order of June 26, 2012. As relevant here, the Rule permits the Court to "relieve a party . . . from a final judgment" because of a "mistake" made by a party or his counsel. Fed. R. Civ. P. 60(b)(1); *see Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (holding that a court's error should be raised in a Rule 59 motion because it is "not . . . the kind of mistake . . . that comes within the ambit of rule 60(b)"). However, the purported mistakes that plaintiff cites are those of the Court. (*See generally* Pl.'s Mem. Supp. Mot. Relief Mem. Opinion & Order (arguing that the Court failed to recognize that he asserted state law claims against all of the defendants and wrongly concluded that defendants were entitled to summary judgment on his constitutional claims).) Consequently, there is no basis for Rule 60(b) relief.

    Alternatively, plaintiff asks for leave to file an amended complaint that clearly asserts the medical negligence claims against defendants Wexford, Shute, Migliorino, Schaefer and Funk ("Wexford defendants") that he contends are implicit in Count I of the second amended complaint. Though plaintiff does not cite to it, his motion is brought under Rule 15(b), which permits a party to amend a pleading at trial or summary judgment, if doing so will not prejudice his opponents. Fed. R. Civ. P. 15(b)(1); *see Walton v. Jennings Cmty. Hosp., Inc.*, 875 F.2d 1317, 1320 n.3 (7th Cir. 1989) (applying Rule 15(b) in the context of a summary judgment motion). Plaintiff first made this request in a motion to strike the following argument from the Wexford defendants' summary judgment reply brief:

> In plaintiff's response to [the Wexford] defendants' motion for summary judgment[,] he claims he has plead a cause of action for . . . medical malpractice. A review of the plaintiff's Second Amended Complaint shows that this simply is not true.
>
> . . . .

| STATEMENT |
|---|

> Count I [of the Second Amended Complaint] is directed against [all of the defendants,] . . . . [and] seeks a determination that, "Plaintiff's Constitutional rights have been violated by Defendants" . . . . [and recovery] for attorney's fees. As such, plaintiff is seeking recovery for the claimed violation of his constitutional rights pursuant to § 1983. This becomes even clearer when the rest of the complaint is reviewed.
>
> In Count[s] II, [III and IV, respectively,] plaintiff seeks recovery from SIU School of Medicine for the alleged negligence of [its agents] Dr. Froelich and Dr. Olysav[,] . . . . recovery from Dr. Olysav for his alleged medical negligence . . . . [and] recovery from Dr. Froelich for his alleged medical negligence. [These] Counts . . . do[] not seek a finding that thoe [sic] defendants violated [plaintiff's] constitutional rights . . . []or . . . attorney's fees. If Count I actually plead a cause of action for medical negligence . . . [,] why did plaintiff plead such a cause of action in separate counts against SIU, Dr. Olysav, and Dr. Froelich? The answer is apparent, Count I does not state a claim for medical malpractice and only seeks recovery for the alleged constitutional violations.
>
> In support of his medical malpractice claims against Dr. Olysav and Dr. Froelich, plaintiff submitted a certificate of merit as required by 735 ILCS 5/2-622 . . . . [,which] states that the care [they] provided . . . was below the applicable standard of care. The report is silent as to [the Wexford defendants.]
>
> To satisfy the notice-pleading standard of the Federal Rules of Civil Procedure, a complaint must be sufficient to provide the defendant with "fair notice" of the plaintiff's claim and its basis. In this case, plaintiff's complaint provided these defendants notice that he was claiming they violated his constitutional rights, no more. In fact, viewing plaintiff's amended complaint as a whole, no reasonable person would conclude otherwise. As such, plaintiff should not be allowed to now claim he is proceeding under a medical negligence theory which was not plead.

(Wexford, Shute, Migliorino, Schaefer & Funk's Reply Pl.'s Resp. Mot. Summ. J. at 2-4 (citations omitted); *see generally* Pl.'s Mot. Strike Portion Wexford, Shute, Migliorino, Schaefer & Funk's Reply Relating Pl.'s Allegations Med. Negligence.) The Court denied plaintiff's motion and said it would address the issue in the summary judgment ruling. (*See* Mar. 22, 2012 Minute Order.)

    The Court neglected to do so, however, so will address the issue now. The Court agrees with the Wexford defendants, for the reasons set forth in their summary judgment reply brief and quoted above, that the second amended complaint does not give them fair notice of plaintiff's medical negligence claim. Moreover, allowing plaintiff to assert the claim now, or when he first asked to do so at the end of the summary judgment briefing, would unfairly require the Wexford defendants to devote time, money and resources to investigating and defending a claim that plaintiff could have asserted at the start of this case. Because there is no reason for plaintiff's untimely request and the Wexford defendants would be prejudiced if it were granted, the Court denies plaintiff's motion to amend. *See Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir. 1985) (no abuse of discretion in denial of motion to add a punitive damage claim to a one-year-old case in which discovery was closed and a final pretrial order had been filed because plaintiff could have asserted the claim earlier and "defendants [had already] invested a year preparing their defense to the allegations pleaded, without any notice of a punitive damage claim").